# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 3:16-cr-50-DPJ-FKB |
| | ) |
| CARL REDDIX | ) |

## MOTION TO QUASH SUBPOENAS DUCES TECUM OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

**Introduction**

The GEO Group, Inc. ("GEO") objects to subpoenas duces tecum issued pursuant to Fed. R. Crim. P. 17(c) at the request of counsel for Defendant Carl Reddix and served on the Mississippi Department of Corrections ("MDOC"). The subpoenas, which were issued and served on March 8, 2017, command MDOC to produce documents, the production of which would result in the disclosure of GEO's confidential proprietary commercial information and trade secret information. The subpoenas call for the documents to be produced to Honorable Daniel Jordan, United States District Judge, at his chambers on March 20, 2017, at 5:00 p.m. GEO moves the Court under Fed. R. Crim. P. 17(c)(2) to quash the subpoenas as unreasonable and oppressive. In the alternative, if MDOC is required to produce any requested documents regarding GEO, GEO requests that the Court provide GEO an opportunity to review such documents in order to assert claims of confidentiality prior to any release or dissemination of those documents. Because of the time set forth for production, GEO requests the Court order that MDOC withhold production of any GEO documents pending ruling by the Court on this motion.

{JX248980.2}

## The subpoenas duces tecum and notice to GEO.

1. Counsel for Defendant Carl Reddix has served multiple subpoenas duces tecum on the Mississippi Department of Corrections ("MDOC") requesting numerous documents relating to the provision of medical services at MDOC facilities from 2010 until present. The relevant subpoenas are attached as Exhibit A. These subpoenas duces tecum are extremely broad and request vendor proposals and other financial documents, most of which contain confidential and proprietary information of those vendors, including GEO. It is apparent that the documents encompassed by the subpoenas include a great deal of financial data, including each vendor's revenues, cost structures, and profit margins. For example, the subpoenas seek MDOC's "payment history" to vendors; "proposals" submitted by vendors to MDOC; MDOC's evaluation of each vendor's proposals; and complete contracts between MDOC and each vendor.

2. MDOC provided notice to GEO by letter dated March 14, 2017, that it had been served with subpoenas that "specifically ask for copies of information that may contain confidential financial information." A copy of the March 14, 2017 letter is attached as Exhibit B. GEO received this letter on March 15, 2017, but the letter did not include a copy of the subpoenas or the name of the case in which they were issued. After ascertaining the name of the suit and obtaining copies of the subpoenas, counsel for GEO specifically advised counsel for MDOC by letter on March 17, 2017, of GEO's objections to the production of proposals, bids, and contracts that could contain privileged information, trade secrets, and confidential commercial information. A copy of the March 17, 2017 letter from counsel for GEO to counsel for MDOC is attached hereto as Exhibit C.

3. GEO is a publicly held company, operating in the competitive correctional services industry. While much of GEO's general financial data is public, specific financial data, and especially its revenues, cost structures, and profit margins with respect to particular contracts

and bids, are highly confidential. Because the requested information is commercially sensitive and contains trade secrets of GEO, public disclosure of the information would cause significant harm to GEO's business interests.

### **GEO is entitled to an opportunity to review documents to object to the production of trade secrets and confidential and proprietary information.**

4. MDOC is obligated under Mississippi law to allow a company that submits bids to provide services to MDOC an opportunity to seek protection from disclosure of trade secrets and confidential information before producing that information to third parties. MDOC provided written notice to GEO of the subpoenas by letter received on March 15, 2017, but GEO was not provided with an opportunity to review the documents MDOC gathered in response to the subpoenas until this morning, March 20, 2017. Counsel for GEO has made an initial inspection of the documents related to GEO gathered by MDOC as of now, but GEO will not have adequate time to review and evaluate specific objections to production of the documents prior to the return time to Honorable Dan Jordan of March 20, 2017, at 5:00 p.m. GEO is seeking to quash the subpoenas to the extent they request the production of documents relating to GEO until GEO has the opportunity to review the documents gathered in response to the subpoenas and register objections to the production of all or parts of the documents.

5. When a request is made to a state agency for the production of documents, the Mississippi Public Records Act provides protection to the party that has provided confidential commercial and financial information to the state agency. The Public Records Act, Miss. Code Ann. § 25-61-1 through § 25-61-17, makes public records available for inspection and copying, subject to exceptions. See Miss. Code Ann. § 25-61-1, 25-61-2, 25-61-5(1).

6. Miss. Code Ann. § 25-61-9, entitled "Trade secrets and confidential commercial or financial information" provides:

> (1) Records furnished to public bodies by third parties which contain trade secrets or confidential commercial or financial information shall not be subject to inspection, examination, copying or reproduction under this chapter until notice to said third parties has been given, but such records shall be released within a reasonable period of time unless the said third parties shall have obtained a court order protecting such records as confidential.
>
> (2) If any public record which is held to be exempt from disclosure pursuant to this chapter contains material which is not exempt pursuant to this chapter, the public body shall separate the exempt material and make the nonexempt material available for examination and/or copying as provided for in this chapter.

7. Similarly, under Miss. Code Ann. § 79-23-1, "[c]ommercial and financial information of a proprietary nature required to be submitted to a public body … shall be exempt from the provisions of the Mississippi Public Records Act of 1983."

8. Although in this case the documents related to GEO are being sought from MDOC pursuant to subpoena rather than a public records request, the documents requested containing trade secrets or confidential commercial or financial information should not be produced without GEO having an opportunity to review and object to the production of the requested documents.

**The Court should quash the subpoenas duces tecum as to documents related to GEO.**

9. GEO has standing to bring this motion to quash because the Rule 17 subpoenas duces tecum served on MDOC affect GEO's legitimate financial interests by seeking the production of documents that contain GEO's confidential proprietary information. *United States v. Nektalov*, 2004 U.S. Dist. LEXIS 13127 at *2-3 (S.D.N.Y. July 13, 2004)("A party whose legitimate interests are affected by a subpoena may move to quash that subpoena.").

10. "[T]he court may quash or modify [a] subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). Potential for publication of sensitive and private information of third parties is an accepted reason to quash a Rule 17 subpoena as

unreasonable or oppressive. *E.g.*, *United States v. Eisenhart*, 43 F. App'x 500, 505 (3d Cir. 2002). "[P]rotecting a privilege or proprietary interest in the material" is a legitimate interest warranting a motion to quash a Rule 17 subpoena. *United States v. Nektalov*, 2004 U.S. Dist. LEXIS 13127, *supra*, at *2-3; *United States v. Barnes*, 2008 U.S. Dist. LEXIS 125298 (S.D.N.Y. April 1, 2008)(same); *United States v. Chen De Yian*, 1995 U.S. Dist. LEXIS 15317 (S.D.N.Y. October 19, 1995)(same).

11.  A Rule 17 subpoena is not a discovery tool and is not proper unless the proponent demonstrates the documents sought (1) are relevant, (2) are admissible and (3) have been requested with adequate specificity. *United States v. Nixon*, 418 U.S. 683, 699-700 (1974). The *Nixon* requirements for Rule 17 subpoenas apply not only to subpoenas to the Government, but to subpoenas to third-parties as well. *United States v. Barnes*, 2008 U.S. Dist. LEXIS 125298, *supra*, at *7-8 (finding that *Nixon* analysis applies to third-party subpoenas issued by the defense). A defendant is not entitled to use a Rule 17 subpoena as a discovery tool to request broad categories of documents with the hope of discovering helpful information. *United States v. Arditti*, 955 F.2d 331, 346 (5th Cir. 1992) (court quashed Rule 17 subpoena as improper discovery and bordering on a "fishing expedition"). A subpoena duces tecum may be quashed as unreasonable and oppressive if it is overly broad and overly vague. *See United States v. Richardson*, 607 F.3d 357, 368-69 (4th Cir. 2010); *accord Arditti*, 955 F.2d at 345-46.

12.  The subpoenas issued to MDOC are overly broad and request broad categories of documents containing confidential and proprietary information of GEO. It is not evident from the face of the subpoenas how the subpoenas meet the *Nixon* requirements of relevancy, admissibility and specificity. Because the subpoenas do not meet the *Nixon* requirements and call for the production of confidential and proprietary GEO information, the subpoenas should be

quashed at least to the extent they call for the production by MDOC of documents related to GEO.

13. Unless the scope of the subpoenas is narrowed to provide more specific descriptions of documents sought and the proponent states how those documents regarding GEO are relevant and admissible, the subpoenas should be quashed. Furthermore, if the scope of the subpoenas is narrowed and any documents must be produced by MDOC, GEO should be granted a reasonable period of time to submit a declaration supporting specific objections and to seek redactions of confidential and proprietary information from those documents.

14. The protection of confidential and proprietary commercial information and trade secrets is the type of compelling interest that justifies sealing a judicial proceeding, sealing materials, and issuing a protective order. *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978) (sealing judicial records may be appropriate for "sources of business information that might harm a litigant's competitive standing"); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (judicial proceedings may properly be closed for "the protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm"); *Stamicarbon, N.V. v. American Cyanamid Co.*, 506 F.2d 532, 540–41 (2d Cir. 1974) (*in camera* proceedings allowed during contempt trial to protect trade secrets).

15. GEO requests that the Court quash or modify the subpoenas and enter a protective order that MDOC is not required to produce responsive documents relating to GEO unless and until Defendant can meet the *Nixon* requirements. If MDOC is required to produce any GEO documents, the Court should delay production until after GEO has been provided the responsive documents and has had an opportunity to review those documents and assert objections to those documents. Unless the Court quashes the subpoenas, GEO could suffer irreparable harm by

disclosure of its confidential and proprietary financial information and trade secrets. In the alternative, if the Court requires MDOC to produce responsive documents relating to GEO to Honorable Dan Jordan as requested in the subpoenas, MDOC requests that the Court provide GEO an opportunity to review such documents to assert claims of confidentiality prior to any release or dissemination of those documents.

WHEREFORE, GEO respectfully requests that the Court quash the subpoenas to MDOC as to the information sought regarding GEO and grant the relief as requested above to prevent irreparable harm to GEO.

This, the 20th day of March, 2017.

        Respectfully submitted,

        THE GEO GROUP, INC.

        By Its Attorneys,
        JONES WALKER, LLP


        By:   /s/ *Neville H. Boschert*
               Neville H. Boschert

Neville H. Boschert (MSB No. 3697)
JONES WALKER LLP
190 E. Capitol Street (39201)
P. O. Box 427
Jackson, MS 39205
Telephone: (601) 949-4900
Facsimile: (601) 949-4804
nboschert@joneswalker.com

**Certificate of Conference**

I certify that as counsel for GEO I have conferred in good faith with Lisa Ross, counsel for Dr. Reddix, regarding these subpoenas duces tecum. Because the subpoenas are broadly-drafted and GEO has not had the opportunity to review in detail the documents that MDOC has gathered in response to the subpoenas, no progress was made in our discussions. Should any production of GEO documents by MDOC be required by the Court, GEO will participate as necessary in good faith to resolve any issues regarding the protection of the interests of GEO to preserve the confidentiality of its proprietary financial information and trade secrets.

This the 20th day of March, 2017.

/s/ *Neville H. Boschert*
Neville H. Boschert

**Certificate of Service**

I hereby certify that I have electronically filed the foregoing with the Clerk of Court using the ECF system, which sent notification of this filing to all counsel of record. I further certify that I have this day served a copy of this filing by hand-delivery to Darrell Baughn, Esq., counsel for Mississippi Department of Corrections at 633 North State Street, Suite 520, Jackson, MS 39202 and by electronic mail to his email address, DBaughn@mdoc.state.ms.us .

This the 20th day of March, 2017.

/s/ *Neville H. Boschert*
Neville H. Boschert