**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**UNITED STATES**

**V.**  **CAUSE NO.: 3:16cr-00050 DPJ-FKB**

**CARL REDDIX**  **DEFENDANT**

---

**RESPONSE TO MOTIONS TO QUASH**

---

**COMES NOW**, the Defendant, Carl Reddix ("Reddix"), and files this his response to the Motion to Intervene to Quash Subpoenas filed by Centurion of Mississippi, LLC, Wexford Health Sources, Inc., Management & Training Corporation, and the GEO Group, Inc. in response to subpoenas issued by Reddix to the Mississippi Department of Corrections ("MDOC"). The subpoenas were served to MDOC on or about March 8, 2017. Pursuant to Fed. R. Crim. Pro. 17(c), Reddix is entitled to the information sought in the subject subpoenas. Reddix, however, does not oppose the requests of the movants for the entry of a protective order by this Court to limit the dissemination of any designated sensitive information sought in the subpoenas by limiting their disclosure to counsel and court personnel for the purpose of this criminal proceeding only.

**ARGUMENT**

**REDDIX IS ENTITLED TO RECEIVE AND REVIEW
THE SUBPOENA INFORMATION FROM MDOC UNDER RULE 17(c)**

It is the manifest duty of the courts to vindicate the guarantee to due process, and "to accomplish that it is essential that all relevant and admissible evidence be produced." *United States v. Nixon*, 418 U.S. 683, 711 (1974).  A defendant in a criminal case may issue a subpoena to obtain admissible evidence, including but not limited to any books, papers, documents or other objects from a third persons pursuant to Fed. R. Crim. Pro., 17(c).  *Bowman Dairy Co. v. U.S.*, 341 U.S. 214, 220-221 (1951).

The movants asked their court to quash the subpoenas because they are unreasonable and oppressive.  To demonstrate that a subpoena is not unreasonable or oppressive, a party must show: (1) the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot otherwise properly prepare for trial without such production and inspection in advance to trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) the application is made in good faith and is not intended as a 'fishing expedition.'" *United States v. Nixon*, 418 U.S. 683, 700.

In the instant case, Reddix is charged with conspiracy to commit mail, wire, and honest services fraud and six counts of bribery.  In order to prove a scheme to defraud another of honest services through bribery, the government will be required to prove beyond a reasonable doubt that Christopher Epps entered into a corrupt agreement for Reddix to provide Christopher Epps with things of value specifically with the intent to influence the action or judgment of Christopher Epps on any question, matter, cause or proceeding which may be then or thereafter

pending subject to Christopher Epps's action or judgment.  *U.S. v. Whitfield*, 590 F.3d 325, 348 (5th Cir. 2009).  The government must prove the "specific intent to give or receive something of value in exchange for an official act to be performed in the future."  Id. at 353.

**THE SUBPOENAED DOCUMENTS ARE EVIDENTIARY AND RELEVANT
AND NOT OTHERWISE AVAILABLE TO REDDIX,
REDDIX CANNOT PREPARE FOR TRIAL WITHOUT THEM,
AND THE REQUEST IS MADE IN GOOD FAITH**

The subpoenas in question were issued in good faith to support Reddix's defense that he did not enter into a conspiracy to commit mail, wire and honest services fraud and he did not bribe or provide kickbacks to Christopher Epps "in exchange for the awarding and retention of contracts."  Rather, the information sought in the subpoenas will prove Reddix was awarded the contracts outlined in his indictment through several competitive bidding/request for proposal processes and that Christopher Epps was not a member of the selection committee and he did not pressure members of the selection committee to score Health Assurances' proposals in a manner that gave Health Assurance an unfair advantage of its competitors.  The subpoenas are reasonable and specific and that there is good cause for the production of material requested that is both evidentiary and relevant.

Under Rule 401, evidence is relevant "if it has any tendency to make a fact more or less probable than it would be without the evidence."   Reddix contends that he did not bribe Christopher Epps or provide him with kickbacks in exchange for the awarding or retention of contracts because Christopher Epps was not a member of the selection committee that awarded MDOC contracts.  Consequently, there was no "official act" for Epps to perform as it relates to the awarding of contracts.  Any evidence that would make this contention more or less probable is relevant.

3

Reddix seeks to show through his own records as well as the records of his competitors who sought the same or similar contracts, that he consistently underbid his competitors and provided reasonable health service up to and beyond the expectation of the State of Mississippi. If Reddix's services were equivalent or better than his competitors and his prices were lower, the subpoenaed evidence would go to prove that the awarding of MDOC contracts was accompanied by the selection committee's honest belief in the legitimacy of Health Assurances' bid and the selection committees did not award the contracts in question to Health Assurances for a corrupt purpose.

### REDDIX IS AMENABLE TO MOVANTS' PROPOSED CONFIDENTIALITY AGREEMENT

Reddix does not object to the proposal in each of Movants' motions to quash for the entry of a protective order. This court could enter a protective order governing disclosure of subject documents. Under this protective order, the parties would agree to prohibit the use or exposure of any information from the subpoenas for any other purpose other than the proceeding at hand. This Court also could determine how Reddix could use the documents at trial to protect proprietary and confidential information and how to dispose of documents after trial. This would most evenly balance the rights of both parties while protecting Reddix's vital due process rights.

### CONCLUSION

If Reddix is not allowed to subpoena and use these documents to show no scheme existed, or, at the very least that he won the contracts through competitive bidding processes and that Christopher Epps did not put his finger on the scales to ensure that Health Assurances was awarded or retained contracts, Reddix's due process rights are in critical danger and he will not be allowed to advance his theory of defense. In conclusion, Reddix intends to show through the

4

subject subpoenas that the evidence proves not only did he underbid competitive and competent companies in the same line of business, but also that he provided the services and did not fail to meet the expectations of the State of Mississippi.

**RESPECTFULLY SUBMITTED**, this the 7th day of April, 2017.

// Lisa M. Ross
Lisa M. Ross (MSB#9755)
Post Office Box 11264
Jackson, MS 39283-1264
(601) 981-7900 (telephone)
(601) 981-7917 (facsimile)

### CERTIFICATE OF SERVICE

I, hereby certify that I have this day electronically served the foregoing document upon each person designated on the record in this proceeding.

Darren LaMarca, AUSA
United States Attorney's Office
501 East Court Street
Jackson, MS 39201

**SO, CERTIFIED** this the 7th day of April, 2017.

//s// Lisa M. Ross

Case 3:16-cr-00050-DPJ-FKB   Document 40   Filed 04/07/17   Page 6 of 6