UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:16cr50 DPJ-FKB

CARL REDDIX

## GOVERNMENT'S MOTION FOR
## DETERMINATION OF MONEY JUDGMENT

The Acting United States Attorney, by and through his undersigned assistant, requests that this Court impose forfeiture in the form of a money judgment on Defendant Carl Reddix.

Reddix pleaded guilty to Count Seven of the Indictment, which charged him with violating 18 U.S.C. § 666(a)(2) (bribery). Reddix pleaded guilty to paying bribes/kickbacks to then Mississippi Department of Corrections Commissioner Christopher Epps for contracts awarded to his company, Health Assurance, LLC. Pursuant to the Plea Agreement and Supplement, the parties agreed for forfeiture in the form of "a money judgment in an amount to be determined by the court." Plea Supplement Paragraph 10.

The Government seeks an order of forfeiture to be imposed at sentencing in the form of a money judgment in the amount of $1,266,438.

### Background

The Government provided notice to Reddix in the Indictment that it would seek to forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 666(a)(2). The Government also provided notice that, in the event such property cannot be located, it would seek to recover substitute assets, pursuant to 21 U.S.C. § 853(p).

In the Plea Supplement, Reddix agreed to a forfeiture in the form of a "money judgment in an amount to be determined by the court." The United States Probation Office issued its final presentence report (PSR) on July 20, 2017, and this issue is now ripe for consideration.

**Argument and Authorities**

Criminal forfeiture of property related to certain crimes is mandated by statute and has a punitive purpose, unlike restitution. *See United States v. Taylor,* 582 F.3d 558, 565–66 (5th Cir. 2009) (citing *United States v. Webber,* 536 F.3d 584, 602–03 (7th Cir. 2008)). Multiple overlapping statutes govern forfeiture. The Court must look to the count for which Reddix was convicted and identify the specific statutory basis for forfeiture setting forth the requisite nexus between the crime and any money or property connected to that crime. *See* Fed.R.Crim.P. 32.2(b)(1)(A). The Government has the burden to prove that nexus by a preponderance of the evidence. *United States v. Juluke,* 426 F.3d 323, 326 (5th Cir. 2005). The Court may rely on "evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed.R.Crim.P. 32.2(b)(1)(B).

Section 981(a)(1)(C) of Title 18 provides forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation ... of any offense constituting specified unlawful activity" (as defined in § 1956(c)(7) of this title), or a conspiracy to commit such offense" is subject to forfeiture to the United States." Section 1956(c)(7)(D) specifically includes § 666 relating to theft or bribery concerning programs receiving Federal funds.

The definition of proceeds found in 18 U.S.C. § 981(a)(2) provides three different scenarios. This case is most closely connected to § 981(a)(2)(B), which involves lawful services

provided in an illegal manner. *See United States v. St. Pierre*, 809 F.Supp.2d 538, 543-44 (E.D. La. 2011).

> In cases involving lawful goods or lawful services that are sold or provided in an illegal manner, the term "proceeds" means the amount of money acquired through the illegal transactions resulting in the forfeiture, less the direct costs incurred in providing the goods or services. The claimant shall have the burden of proof with respect to the issue of direct costs. The direct costs shall not include any part of the overhead expenses of the entity providing the goods or services, or any part of the income taxes paid by the entity.

18 U.S.C. 981(a)(2)(B).

In this case, Reddix pleaded guilty to bribery. The PSR concluded in paragraph 45 that the net benefit to his company, Health Assurance, LLC, was $2,532,876. The PSR derived the net benefit by calculating the revenue less direct costs. This net benefit analysis is identical to the definition of proceeds outlined in § 981(a)(2)(B).

In *United States v. St. Pierre*, 809 F.Supp.2d 538 (E.D. La. 2011), the court held that the forfeiture amount attributable to the defendant equaled his ownership interest in the company obtaining the benefit. The court based its decision on what was "acquired" by the defendant. It determined that he acquired, directly or indirectly, the amount equal to his ownership interest. This comports with the recent United States Supreme Court decision in *Honeycutt v. United States*, 137 S. Ct. 1626, 2017 WL 2407468 (Jun. 5, 2017), where the Supreme Court held that a defendant must forfeit the property he personally derived from the offense giving rise to the forfeiture but not that derived by others.

Reddix is a 50% owner of Health Assurance, LLC. He thus is liable to forfeit 50% of the total net benefit of $2,532,876. His forfeiture should be $1,266,438 and in the form of a money judgment.

## Relief Requested

The Government moves the Court to issue an order authorizing $1,266,438 to be forfeited to the United States in the form of a money judgment. The Government further moves the court for an Order of Forfeiture in this amount that authorizes substitute assets from Reddix while retaining jurisdiction over this matter for the purpose of amending the Order of Forfeiture to include any subsequently located substitute assets.

        Respectfully submitted,

        HAROLD BRITTAIN
        ACTING UNITED STATES ATTORNEY

        By:   *s/ Darren J. LaMarca*
        Darren J. LaMarca
        Assistant United States Attorney

Darren J. LaMarca (MSB#1782)
United States Attorney's Office
501 E. Court Street, Suite 4.430
Jackson, Mississippi 39201
601-965-4480-telephone
601-965-4409- facsimile

## CERTIFICATE OF SERVICE

I, Darren J. LaMarca, Assistant United States Attorney, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

DATED, this the 28TH day of July, 2017.

        *s/ Darren J. LaMarca*
        Darren J. LaMarca