IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO. 3:16cr50 DPJ-FKB

CARL REDDIX

DEFENDANT'S RESPONSE TO MOTION FOR
DETERMINATION OF MONEY JUDGMENT

The Defendant, Carl Reddix, by and through undersigned counsel, files this his response

to the Government's Motion for Determination of Money Judgment as follows:

I.  INTRODUCTION

The Government gave notice in the Indictment that it would seek the forfeiture of any

property, real or personal, which constituted or was derived from proceeds traceable to a

violation of 18 U.S.C. § 666(a)(2)." The Government also gave notice that "in the event such

property cannot be located, it would seek to recover substitute assets, pursuant to 21 U.S.C. §

853(p)."

The Government has now filed a Motion that seeks forfeiture from Mr. Reddix in the

form of a $1,266,438 money judgment. This $1,266,438 number represents one-half of the

$2,532,876 Net Benefit Determination (which was provided by Mr. Reddix's accountant) and

which was used by the Government in paragraph 45 of the Presentence Investigative Report to

increase the Offense Level Computation by 16 levels. The $2,532,876 Net Benefit number was

calculated in accordance with USSG §2C1.1(b)(2). Accordingly, the number was not reduced by

indirect costs or income taxes paid. Also, the number does not reflect the actual loss to the

government, or any other person, nor does it reflect the actual benefit Mr. Reddix received as a

result of the contracts tainted by the kickbacks. Rather, the $2,532,876 number is an economic

1

fiction designed to reflect the "harm caused" and to ensure "proportionality." *United States v. Landers*, 68 F.3d 882, 886 (5th Cir. 1995). It does neither in this case.

## II.  ARGUMENT AND AUTHORITIES

*THE GOVERNMENT IS NOT ENTTITLED TO A MONEY JUDGMENT*

According to the Government's Motion, it is seeking forfeiture pursuant to §981(a)(1)(C) of Title 18.  Under a plain reading of §981(a)(1)(C), the Government may seek the forfeiture of "any property, real or personal, which constitutes or is derived from proceeds traceable to a violation…." The first problem with the Government's Motion is that the Government has not actually identified: (1) any real property traceable to the subject violation; (2) any personal property traceable to the subject violation; or (3) any proceeds traceable the subject violation. Rather, all the Government has done is use the calculations provided by Mr. Reddix to give the Court the dollar amount of the "proceeds" as the term "proceeds" is defined in § 981(a)(2)(B). The fact that the Government can determine the amount of the "proceeds" does not change the fact that Mr. Reddix does not own or possess any of the proceeds, or any real property or personal property traceable to the subject violation. Therefore, since the Government has not adequately identified the specific property that is subject to forfeiture, then there is no property for this Court to order forfeited. The Defendant further submits that there is no basis in the statute for this Court to enter a judgment of forfeiture in the form of a money judgment based on an amount of money that is in actuality nothing more than an economic fiction.

In *United States v. Surgent*, No. 04-CR-364 JG SMG, 2009 WL 2525137 (E.D.N.Y. Aug. 17, 2009), the district court held that *18 U.S.C. § 982 and 21 U.S.C. § 853* did not authorize personal money judgments. *Id*. at *6.  While the operational language of § 982(a) is slightly different from the operational language in §981(a)(1)(C), both statutes on their face require the

court to specify the property to be forfeited. In neither is there any specific authorization for a court to enter a money judgment rather than a forfeiture order. The *Surgent* court went on to recognize the self-evident fact that "[i]f only a money judgment is entered, there is no 'property ordered forfeited.'" *Id.*

While the Defendant believes that common sense, reason, and a plain reading of the operative language dictates that this Court deny the Government's motion, there is caselaw which does support moving directly to the imposition of a monetary judgment. *United States v. Croce,* 209 Fed.Appx. 208 (3rd Cir.2006)(explaining that the "statutory scheme does not restrict the District Court from issuing a forfeiture order in the full amount of the illegal proceeds, even where the full amount is not presently in the defendant's possession"); *United States v. Thomas*, No. CRIM.A. 13-241, 2015 WL 4730718, at *3 (E.D. La. Aug. 10, 2015)(finding that a personal money judgment is permitted by the forfeiture statutes); *United States v. Patel*, 949 F. Supp. 2d 642, 652 (W.D. Va. 2013)(approving money judgment while explaining that for purposes of § 981(a)(2), the forfeiture of gross proceeds was not limited to the net gain or profit realized from the offense); *United States v. St. Pierre*, 809 F. Supp. 2d 538, 547 (E.D. La. 2011)(ordering money judgment of $3,204,766.57 pursuant to 18 U.S.C. § 981(a)(1)(C)); and *United States v. Awad,* 598 F.3d 76, 79 n. 5 (2d Cir.2010) ("We are aware of ... *Surgent* .... In the end, however, we find it unpersuasive").

*THE REQUESTED FORFEITURE CONSTITUTES AN EXCESSIVE FINE*

Property forfeiture is subject to the Excessive Fines Clause of the Eighth Amendment. Under the Eight Amendment, excessive fines may not be imposed. *Austin v. United States*, 509 U.S. 602, 604, 113 S. Ct. 2801, 2803, 125 L. Ed. 2d 488 (1993). In this case there is no question that the imposition of a $1.2m monetary judgment is a putative extraction and not remedial in

nature. The Government itself specifically asserted in its Motion that the criminal forfeiture it is requesting "has a punitive purpose…."

Paragraph 97 in the Presentence Investigation Report establishes that the fine range for the offense charged is between $15,000 to $150,000. To the extent that the Government is now attempting to impose an additional $1,266,438 penalty, the same constitutes an excessive fine in violation of the protections afforded by the Eight Amendment.  The excessiveness of this additional fine is also demonstrated by the fact that it is based on an economic fiction and bears no relationship to any actual benefit received by Mr. Reddix. As previously discussed, Mr. Reddix did not actually receive and was never in possession of the $1,266,438.00 in "proceeds." During the relevant time, Mr. Reddix's total compensation from Health Assurance was only $466,648.00 (PSR ¶81). Moreover, the amount of this additional fine is not connected to any actual loss to the MDOC, or any actual loss to any other person. There is also no evidence that the contracted medical services were not provide in accordance with the terms of the contracts themselves.  There is no evidence that the payment of kickbacks by Mr. Reddix caused the Government to pay more than it should have for the medical services at issue.

As a practical matter, the imposition of the requested additional fine will provide the Government with a windfall while retroactively depriving Mr. Reddix of the value of the labor and services he provided. Accordingly, there is an insufficient nexus between the this additional $1,266,438 monetary fine and the underlying offense. *United States v. $69,292.00 in U.S. Currency*, 62 F.3d 1161, 1166 (9th Cir. 1995)(explaining that to survive an Excessive Fines challenge the property must have a close enough relationship to the offense to permit its confiscation and the value of the property must be proportional to the culpability of the owner). Given the insufficient nexus between the $1,266,438.00 proposed money judgment and the

underlying wrongdoing, as well as the existence of a fine under the sentencing guidelines, the additional money judgment is an excessive fine in violation of the Eight Amendment.

The excessiveness of the requested monetary judgment is further shown by the fact that the State of Mississippi has yet to pay approximately 1.2 million dollars in pharmacy bills that were owed to Health Assurance while at the same time retaining more than $100,000 in Health Assurance property and equipment. The imposition of a money judgment against Mr. Reddix based on the amount of "proceeds" received by Health Assurance is a violation of the Eight Amendment for this reason as well.

*ALTERNATIVELY, THIS COURT SHOULD CONSIDER THE AMOUNT OF ANY MONETARY JUDGMENT IN DETERMINING WHETHER A DEPARTURE IS WARRANTED*

Alternatively, if this Court does impose the requested $1,266,438.00 monetary judgment against Mr. Reddix, the Court should consider the same when is weighing the § 3553(a) factors and determining what sentence is sufficient, but not greater than necessary to accomplish those goals.  We believe that the imposition of an $1,266,438.00 monetary judgment in addition to any other fine is a harsh punishment in and of itself. Furthermore, the imposition of a monetary judgment that is roughly one half of the accumulated net worth of Mr. Reddix and his wife, and that far exceeds the actual benefit he received, would be a powerful deterrent to those who might consider engaging in similar criminal conduct.

Respectfully submitted, this the 1st day of September 2017.

**CARL REDDIX,**
**Defendant**

By: /s/*Michael V. Cory, Jr*_____
       Michael V. Cory, Jr

       /s/*Robert L. Johnson, III*_____
       Robert L. Johnson, III

5

**OF COUNSEL:**

Robert L. Johnson, III (MSB #8555)
5600 Jackson Raymond Road
Raymond, Mississippi 39154
Telephone: 601.331.7271
Facsimile: 601.346.0070

Michael V. Cory, Jr., (MSB #9868)
**DANKS MILLER & CORY**
213 South Lamar Street
Jackson, Mississippi (39201)
Post Office Box 1759
Jackson, Mississippi 39215-1759
Telephone: 601.957.3101
Facsimile: 601.957.3160

<u>**CERTIFICATE OF SERVICE**</u>

I, Michael V. Cory, Jr., do hereby certify that I have this day caused to be electronically mailed, a true and correct copy of the above and foregoing RESPONSE to all counsel of record.

This the 1st day of September 2017.

s/*Robert L. Johnson, III* _____
Robert L. Johnson, III