# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:16cr50-DPJ-FKB

CARL REDDIX

## GOVERNMENT'S REPLY

The United States of America (hereafter the "government"), by and through the undersigned Acting U.S. Attorney and his Assistant U.S. Attorney, files this reply in support of its motion for an order of forfeiture. For the following reasons, the motion should be granted and a personal money judgment in the amount of $1,266,438.00 should be entered against the defendant, Carl Reddix.

## BACKGROUND

**A. Underlying Conduct**

Reddix is one of two owners of Health Assurance, LLC. *See* Presentence Report ¶ 1. For several years, his company executed contracts with the State of Mississippi, wherein Health Assurance, LLC provided healthcare services to inmates at Mississippi Department of Corrections (MDOC) facilities in exchange for payment. *See id*. Reddix obtained these contracts through illegal means: bribery of the MDOC Commissioner. *See id.* ¶¶ 1, 3, 9, 25-44, 48.

**B. Indictment and Guilty Plea**

A grand jury returned a seven-count indictment against Reddix, charging him with bribery and bribery-related crimes. Dkt. No. 3. That indictment contained a Notice of Intent to Seek Criminal Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A), (C) and 28 U.S.C. § 2461. *Id*.

After retaining counsel, Reddix pled guilty to bribing a state government agency, in violation of 18 U.S.C. § 666(a)(2). *See* Dkt. Entry dated May 3, 2017; Dkt. No. 3. Prior to the Reddix's guilty plea, the parties entered into a plea agreement and plea supplement. Relevant here, Reddix

agreed to "immediately and voluntarily forfeit to the United States of America all assets and property subject to forfeiture as a result of [his] illegal conduct as charged in the Indictment in this case, regardless of the location of the assets and <u>regardless of whom is in possession, custody or control of the assets</u>."  *See* Plea Supplement ¶ 10 ("Defendant understands that any forfeiture order entered by the court is mandatory and is a part of his sentence.").  Importantly, Reddix agreed that "the assets and property being forfeited, include, but are not limited to, the following:  <u>A money judgment in an amount to be determined by the court</u>."  *Id*.

## C. Presentence Investigation Report

Following his guilty plea, the probation officer prepared a preliminary presentence investigation report ("PSR").  After summarizing Reddix's crimes, the PSR revealed that Reddix paid $187,500.00 in bribes to the MDOC Commissioner in exchange for the Commissioner awarding his company nearly $32MM in contracts.  *See* PSR ¶ 45.  Reddix's company incurred more than $29MM in direct costs associated with fulfilling those

contracts. *Id*. Thus, the net benefit (i.e., total contract amount minus direct costs) to Reddix and his company was $2,532,876.00. *Id*.

Reddix provided these figures to the probation officer. *Id*. He did not object to these provisions within the preliminary PSR. Thereafter, the probation officer provided a final version of the PSR.

**D.     Government's Motion & Reddix's Response**

Consistent with the terms of the plea agreement and plea supplement, the government moved for an order of forfeiture and requested a personal money judgment against Reddix in the amount of $1,266,438.00. Dkt. No. 55. Reddix responded, principally arguing that a money judgment was improper and that the requested judgment violated the Eighth Amendment's Excessive Fines Clause. Dkt. No. 59.

**ARGUMENT**

**A.     Forfeiture Is Required.**

Section 981(a)(1)(C) of Title 18 provides for the forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to" certain offenses, including violations of 18 U.S.C. § 666(a)(2).

*See* 18 U.S.C. § 981 (referencing 18 U.S.C. § 1956(c)(7), which, in turn, lists § 666 as a qualifying offense).

A personal money judgment is a proper form of criminal forfeiture under 18 U.S.C. § 981(a)(1)(C).[1] *See United States v. Nagin*, 810 F.3d 348, 353 (5th Cir.), *cert. denied*, 137 S. Ct. 41 (2016) (footnote omitted) (holding that "the combined operation of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) authorizes personal money judgments as a form of criminal forfeiture"). Moreover, as part of his plea agreement, Reddix explicitly agreed that a money judgment was appropriate: "[T]he assets and property being forfeited, include, but are not limited to, the following: <u>A money judgment in an amount to be determined by the court</u>." Plea Supplement ¶ 10.

---

[1] Reddix argues that personal money judgments are unauthorized. *See* Dkt. No. 59, at 2-3. His argument is inconsistent with binding Fifth Circuit law. *See Nagin*, 810 F.3d at 353 (expressly holding that a personal money judgment is a proper form of criminal forfeiture under the statutes relevant here).

**B.    The Net Benefit to Reddix's Company Is Undisputed.**

Using information supplied by Reddix,[2] the probation officer calculated the net benefit that Reddix's company, Health Assurance, LLC, received from Reddix's illegal activities: $2,532,876.00.[3] *See* PSR ¶ 45. Reddix did not object to this portion of the PSR, and he does not dispute this information in his response to the government's motion for an order of forfeiture.

Because Reddix is a one of two owners of Health Assurance, LLC, the government seeks a money judgment for half of the net benefit received by that company: $1,266,438.00. Reddix does not dispute this calculation.

**C.    Reddix's Present Ownership of the Property Is Irrelevant.**

Reddix argues that he "does not own or possess any of the proceeds" traceable to his illegal activities. *See* Dkt. No. 59, at 2. Reddix's possession is not the relevant inquiry. *See Nagin*, 810 F.3d at 353 ("The amount of a

---

[2] In his response, Reddix acknowledges that this financial information was provided by his accountant. *See* Dkt. No. 59, at 1.

[3] The net benefit is the contract amounts awarded by MDOC to Health Assurance, LLC, minus the direct costs that Health Assurance incurred in fulfilling those contracts (i.e., $31,852,270.00 - $29,319,394.00 = $2,532,876.00). *See* U.S.S.G. § 2C1.1(b)(2), including Example (B) in Application Note 3.

personal money judgment is measured by the proceeds of the defendant's illegal activity, rather than the amount of assets he retains at the time of sentencing."); *United States v. Olguin*, 643 F.3d 384, 397 (5th Cir. 2011) (collecting cases and concluding that a personal money judgment is appropriate in the criminal forfeiture context regardless of whether the illegally-obtained assets can be located); *United States v. Awad*, 598 F.3d 76, 79 (2d Cir. 2009) ("[C]riminal forfeiture need not be traced to identifiable assets in a defendant's possession."); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) ("Because the [forfeiture] sanction follows the defendant as a part of the penalty, the government need not prove that the defendant actually has the forfeited proceeds in his possession at the time of conviction." (citation and quotation marks omitted)).

The relevant inquiry is whether the proceeds were ill-gotten. If so, the full extent of the ill-gotten gains must be forfeited. *See Nagin*, 810 F.3d at 353; *Olguin*, 643 F.3d at 397; *Awad*, 598 F.3d at 78–79 (2d Cir. 2010) ("[M]andatory forfeiture is concerned not with how much an individual has but with how much he received in connection with the commission of

the crime. A contrary interpretation could have the undesirable effect of creating an incentive for an individual involved in a criminal enterprise to rid himself of his ill-gotten gains to avoid the forfeiture sanction." (quoting *United States v. Casey*, 444 F.3d 1071, 1077 (9th Cir. 2006) and *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006)) (quotation marks omitted)).

Furthermore, in the plea agreement and supplement, Reddix agreed to forfeit "all assets and property subject to forfeiture as a result of [his] illegal conduct . . . regardless of the location of the assets and <u>regardless of whom is in possession, custody or control of the assets</u>." *See* Plea Supplement ¶ 10. His challenge to the possessory status of the ill-gotten proceeds is inconsistent with the express terms of his plea agreement.

**D.    The Requested Forfeiture Does Not Violate the Eight Amendment**

Reddix argues that forfeiture is subject to the Eighth Amendment's Excessive Fines Clause. *See* Dkt. No. 59, at 3-5.

Forfeiture can, in some circumstances, violate the Eighth Amendment. *See United States v. Bajakajian*, 524 U.S. 321, 336 (1998) (noting that a forfeiture order is a "fine" as that term is used in the Eighth

Amendment if it constitutes punishment for an offense). Assuming arguendo that the forfeiture order requested in this case is punitive, and, therefore, subject to Eighth Amendment protection, the amount sought is not "grossly disproportional to the gravity of [Reddix's] offense." *Bajakajian*, 524 U.S. at 334 ("[A] punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense.").

The government seeks a money judgment that is limited to the net benefit that Reddix received from his illegal-bribery scheme. The requested judgment would require Reddix to disgorge his ill-gotten gains. It would not require him to pay any monies beyond the benefit he received from his bribe-tainted contracts. That is, he would not need to absorb the $29MM in direct costs from the work his company performed under the tainted contracts. Instead, he need only return half of the approximately $2.5MM in proceeds he obtained from his illegal acts.

This is far from "grossly disproportionate" to the gravity of his offense. To the contrary. It is exactly proportionate: Reddix must disgorge

only those monies he received from his illegal-bribery scheme. As such, the requested forfeiture order does not violate the Eighth Amendment's Excessive Fines Clause.[4]

### E. The Forfeiture Amount Is Not Discretionary.

Unlike other aspects of his criminal judgment, the amount of forfeiture is not discretionary. Once the court determines the amount of property subject to forfeiture (i.e., the net benefit Reddix received from his bribery scheme), it is required to enter a preliminary order of forfeiture setting forth the amount of the money judgment. *See* Fed. R. Crim. P. 32.2(b)(2)(A); *see also* Fed. R. Crim. P. 32.2(b)(1)(A) (noting that "the court must determine [1] what property is subject to forfeiture"; "[2] whether the government has established the requisite nexus between the property and

---

[4] Reddix argues that there is an insufficient nexus between the requested monetary judgment and his underlying offense. *See* Dkt. No. 59, at 4. This is not so. The nexus is clear: Reddix bribed the MDOC Commissioner. In exchange, the Commissioner awarded nearly $32MM in contracts to Reddix's company. After Reddix's company spent some $29MM to provide services under those contracts, his company obtained a net benefit of approximately $2.5MM. The government seeks an order of forfeiture for half of that net benefit—the half that went to Reddix as co-owner of his company.

the offense"; and "[3] the amount of money that the defendant will be ordered to pay").

## F. Reddix's Sentence Is Discretionary.

Reddix argues that this court should consider the amount that he is required to forfeit when imposing sentence. *See* Dkt. No. 59, at 5. The parties agree that the court has full discretion—limited only by statutory minima and maxima and the sentencing factors in 18 U.S.C. § 3553—in fashioning the appropriate sentence, including the term of imprisonment, fine, and duration of supervised release.

## CONCLUSION

For the foregoing reasons, the government's motion for an order of forfeiture should be granted and a personal money judgment in the amount of $1,266,438.00 should be entered against the defendant, Carl Reddix.

Respectfully submitted,

HAROLD BRITTAIN
*Acting United States Attorney for the Southern District of Mississippi*

DARREN J. LAMARCA
*Assistant United States Attorney*

By: /s/ *Jennifer Case*
JENNIFER CASE
Mississippi Bar Number 104238
*Assistant United States Attorney*
501 E. Court Street, Suite 4.430
Jackson, Mississippi 39201
Dated: September 8, 2017    (601) 965-4480

# CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the Electronic Case Filing (ECF) system, which served to send notification of this filing to the appropriate counsel in this case.

Dated: September 8, 2017

/s/ *Darren J. LaMarca*
DARREN J. LAMARCA
*Assistant United States Attorney*