UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:16cr50 DPJ-FKB

CARL REDDIX

**\*\*UNDER SEAL\*\***

## *EX PARTE* APPLICATION TO FILE MOTION UNDER SEAL

The United States of America, by and through its United States Attorney, respectfully requests this Court provide an order allowing the United States to file, under seal, the forthcoming Motion for a Restraining Order for Substitute Assets, and the Declaration of USMS Senior Inspector Robert Seals Love, attached as an exhibit, until such time as the assets have been restrained or until further order of this Court. In addition, the United States requests the order accompanying this application be filed under seal, if so granted.

### I. Background

This Court entered a money judgment against Defendant Carl Reddix in the amount of $1,266,438.00. *See* Prelim. Order of Forfeiture, ECF No. 64; Final Order of Forfeiture, ECF No. 83. Prior to sentencing, Reddix agreed to sell real property to satisfy the money judgment in lieu of the United States forfeiting multiple accounts and properties. Reddix failed to keep this agreement, however; the property remains unsold, and no monies have been paid toward the money judgment.

In the time since sentencing, Reddix has closed accounts and transferred funds from accounts known to the United States, in effect, hindering their seizure. *See* USMS Senior Inspector Robert Seals Love's Affidavit in support of the motion to amend the order of forfeiture. As well

the United States has been informed that a family member of Reddix was notified by an unknown party of the United States' renewed investigation into assets available to satisfy the Money Judgment entered by this Court. *Id.* Based on these actions, the United States has reason to believe Reddix may further dissipate assets if he were notified of the filing of the motion to amend the order of forfeiture. *Id.* As such, the United States requests permission to file the accompanying motion and applications under seal, and further requests the related orders be filed under seal until restraint of the requested accounts or until such time as this Court deems appropriate.

## II. Reddix Waiver of All Forfeiture Notice Through Plea Supplement

As a condition of Reddix's Plea Supplement, Reddix agreed to waive all rights to notification of any forfeiture action, therefore, the temporary sealing of these motions is less burdensome. *See* Plea Supp., at 5-7, ECF. No. 52.

Specifically, Reddix agreed,

> not to oppose . . . any administrative or judicial forfeiture action related to the conduct described in the Indictment filed in this case, and [Reddix] waiv[ed] any right to receive any notices or pleadings filed in any forfeiture action related to the conduct described in the Indictment and [also] that a default or final judgment of forfeiture may be entered against [his] interest without further notice to [him] or [his attorney]. *Id.* at 5-6.

As well, Reddix agreed to "waive all rights to any further notice or right to participate in any ancillary proceedings or other proceedings[s] pertaining to this forfeiture." *Id.* Based on Reddix's agreement in the Plea Supplement, he is not due notification of this, or any, forfeiture action taken to recover assets to satisfy the Money Judgment ordered by this Court. Therefore, Reddix has waived the right to receive notice of the accompanying motions, or to participate in any ancillary proceedings. As such, sealing this application, and the accompanying motions and

2

related orders until the property sought is restrained, will not deprive Reddix of a right he has not knowingly and voluntarily waived.

### III. Applicable Legal Principles

Federal courts are empowered to seal documents in appropriate circumstances. *See, e.g.*, Fed. R. of Crim. P. 6(e)(4) (sealing of indictments). The Supreme Court has noted that "[e]very Court has supervisory power over its own records and files, and access has been denied where Court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Moreover, federal district courts have the inherent power to seal affidavits filed with search warrants in appropriate circumstances. *See Washington Post v. Robinson*, 935 F.2d 282, 289 n.10 (D.C. Cir. 1991); *Offices of Lakeside Non-Ferrous Metals, Inc. v. United States*, 679 F.2d 778 (9th Cir. 1982); *United States v. Agosto*, 600 F.2d 1256 (9th Cir. 1979). This inherent power may be appropriately exercised when disclosure of an affidavit or declaration—or in this case, a motion, would disclose facts that would interfere with the seizure and forfeiture of assets to satisfy a money judgment that the defendant has refused to pay. *See Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1979).

### IV. Application

The Motion for a Restraining Order for Substitute Assets specifies which assets the United States seeks to restrain to later apply as substitute assets for forfeiture. *See* Mot. for a Restraining Order for Substitute Assets. After Reddix failed to comply with his previous agreement to voluntarily satisfy the money judgment, the United States began investigating Reddix's financial accounts. *See* USMS Sr. Insp. Love Aff. As described in the accompanying motion and affidavit, a family member of Reddix's recently became aware of the United States renewed investigation into his accounts. *Id.* This inadvertent notification, combined with Reddix's lack of candor in

3

satisfying the money judgment and his subsequent dissipation of assets known to the United States, compels the United States to request permission to file under seal the Motion for a Restraining Order for Substitute Assets and this Application to File Motion Under Seal. In addition, Reddix's waiver of notification of any forfeiture motion and order provides supplemental support to lessen the burden necessary to request the sealing of this application and the accompanying motion and orders.

In accordance with Rule 49.1 of the Uniform Local Criminal Rules and Rule 79(e)(3)(B)(1) of the Uniform Local Civil Rules, the United States requests the "sealing from any access by the public and the litigants' counsel:" (1) this motion, (2) the Affidavit of USMS Senior Inspector Robert Seals Love, and (3) any order granting this motion. The United States further requests to be excused from filing an unsealed non-confidential memorandum, as required by Rule 79(e)(3) of the Uniform Local Civil Rules and Rule 49.1 of the Uniform Local Criminal Rules, as doing so would notify the Defendant of the United States' intention to seize assets, providing the Defendant with the opportunity to dissipate assets before they can be seized or to have someone do so on his behalf.

Finally, the United States requests, these documents be unsealed once the assets sought have been restrained, as directed by Uniform Local Civil Rule 79(f). After the assets have been restrained and these documents unsealed, the United States intends to file a Motion to Amend the Order of Forfeiture to Add Substitute Assets Pursuant to Rule 32.2(e).

Dated this the 30th day of August, 2018.

> Respectfully submitted,
>
> D. MICHAEL HURST, JR.
> United States Attorney

By: _____
J. WESLEY WEBB (MSB #104495)
*Assistant United States Attorney*
Office of the United States Attorney
SOUTHERN DISTRICT OF MISSISSIPPI
501 East Court Street, Suite 4.430
Telephone: 601.965.4480
Facsimile: 601.965.4032
E-mail: James.Webb2@usdoj.gov