

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
SEP -4 2018
ARTHUR JOHNSTON
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:16cr50 DPJ-FKB

CARL REDDIX

**\*\*UNDER SEAL\*\***

## UNITED STATES' EX PARTE MOTION FOR A RESTRAINING ORDER FOR SUBSTITUTE ASSETS

The United States of America, by and through its United States Attorney, respectfully moves, pursuant to the Plea Supplement in this case [ECF No. 52], provisions of 21 U.S.C. § 853(p) and Rule 32.2(e) of the Federal Rules of Criminal Procedure, for an *ex parte* restraining order to preserve the availability of certain substitute assets while the United States seeks to amend the Order of Forfeiture [ECF No. 83] to Add Substitute Assets to satisfy the $1,266,438.00 Money Judgment of Forfeiture [ECF No. 61] entered against the defendant, Carl Reddix ("Reddix").[1] In the instant motion, the United States seeks an entry of an order restraining the following accounts:

1. All funds held in **MORGAN STANLEY**[2], 4450 Old Canton Road, Suite 100, Jackson, MS 39211, account number 220-109176-058, an account in the name

---

[1] Though Reddix waived notification of any forfeiture related motion in the Supplement to his Plea Agreement [ECF No. 52], in the event this order is granted, the United States intends to provide Reddix notice of this filing and later forfeiture filings after the named accounts are restrained and no longer able to be dissipated.

[2] The United States attempted to obtain the current balances of all known Morgan Stanley accounts, but it has not received a return on all financial requests, to date. The United States has reason to believe that other known Morgan Stanley accounts have been closed. However, the two Morgan Stanley accounts above held substantial balances in 2014, according to the most recent records currently available to the United States.

of Carl M. Reddix, MD. This retirement account balance being $73,373.17 on July 31, 2014.

2. All funds held in **MORGAN STANLEY**, 4450 Old Canton Road, Suite 100, Jackson, MS 39211, account number 220-109182-058-1-0, an account in the name of "Carl M. Reddix MD, Trustee, Carl M Reddix MD MPPP & TR RPM MP." This account balance being $31,949.18 in August 2014.

3. All funds held in **REGIONS BANK** account number 5002923761, an account in the name of Carl M. Reddix MD. This Regions Wealth Account balance being $5,733.71 on June 29, 2018.

4. All funds held in **BRIGHTHOUSE FINANCIAL/MET LIFE** account number 8848839, an account in the name of Carl M. Reddix MD. This "vintage," "non-qualified" account balance being $58,046.85 on March 31, 2017.

5. All funds held in **GREAT-WEST FINANCIAL** Plan No. 98949-01, individual ID number 8262280, an account in the name of Carl M. Reddix. This checking account balance being $540,642.14 on July 13, 2018.

6. All funds held in **PRUDENTIAL INSURANCE** account 61349221, a contract in the name of Carl M. Reddix. The cash value of this account being $35,890.33 on July 7, 2018.

7. All funds held in **PRUDENTIAL INSURANCE** account 61414781, a contract in the name of Carl M. Reddix. The cash value of this account being $208,360.40 on July 22, 2018.

8. All funds held in **PRUDENTIAL INSURANCE** account 77926324, a contract in the name of Carl Reddix. The cash value of this account being $216,120.58 on July 8, 2018.

9. All funds held in **VOYA RETIREMENT INSURANCE AND ANNUITY COMPANY** account VF7288, a retirement account in the name of Carl Reddix. This retirement account balance being $21,138.98 on June 30, 2018.

### I. Purpose for Restraint

The United States intends to file a motion to amend the Order of Forfeiture [ECF No. 83] to Add Substitute Assets Pursuant to Rule 32.2(e). The amended Final Order of Forfeiture would authorize the United States to seize the specific property subject to forfeiture. Fed. R. Crim. P. 32.(b)(3). However the United States is concerned that the filing of a request to amend the Order of Forfeiture may prompt Reddix or any nominees or family members to liquidate the above-listed accounts in an effort to hinder forfeiture. Restraint of the listed accounts is necessary to prevent dissipation. Until an amended Final Order of Forfeiture is entered, the United States requests that the Court enter a restraining order to prevent dissipation of the funds in the subject accounts. The securing of these assets is critical so that their value is not diminished or otherwise placed beyond the jurisdiction of this Court. Should the Court enter the requested relief, the United States will serve the listed financial institutions with the restraining order, and once the assets are properly restrained, the United States will promptly file its motion to amend the order of forfeiture. In support if its Motion for a Restraining Order, the United States submits the following:

### II. Procedural Background

On July 13, 2016, a grand jury charged Carl Reddix with conspiracy to defraud the Mississippi Department of Corrections ("MDOC") and the State of Mississippi for their intangible

3

right to the honest services of Christopher B. Epps, then the MDOC commissioner, through bribes and kickbacks. Indictment, ECF No. 3. Specifically, the Indictment charged Reddix with one count of violating 18 U.S.C. §§ 1349 (attempt or conspiracy) and 2 (aiding and abetting), and six counts of violating 18 U.S.C. §§ 666(a)(2) (bribery) and 2 (aiding and abetting). *Id.*

On May 3, 2017, pursuant to a plea agreement, Reddix entered a guilty plea as to Count 7 of the indictment. Pursuant to the terms of the Plea Agreement and Supplement, the United States and Reddix agreed for forfeiture in the form of "a money judgment in an amount to be determined by the court." Plea Agreement, ECF No. 51; Plea Supp., ECF No. 52. In its Motion for Determination of Money Judgment, the United States suggested that a money judgment in the amount of $1,266,438.00 was appropriate, explaining its calculation of the figure. Mot. for Determination of Money J., ECF No. 55. The Court agreed, entering an order finding that the "proceeds" of Reddix's crimes equaled $1,266,438.00. Order, ECF No. 61. Accordingly, on November 13, 2017, the Court entered a preliminary order of forfeiture ordering Reddix to pay a $1,266,438.00 Money Judgment. Prelim. Order of Forfeiture[3], ECF No. 64.

On December 15, 2017, the United States moved to amend the preliminary order, asking the Court to enter an order finding nine financial accounts, two loans payable to Reddix, three vehicles, four pieces of real property, and one 25% interest in Reddix Medical Group as substitute assets, and forfeitable to the United States to satisfy the money judgment. Mot. to Amend the Agreed Prelim. Order of Forfeiture, ECF No. 66.

---

[3] Although a preliminary order of forfeiture acts as a final order as to a money judgment, the United States, out of an abundance of caution, filed a motion for a final order of forfeiture, which this Court granted on February 13, 2018. *See* Motion for Final Order of Forfeiture, ECF No. 82; Final Order of Forfeiture, ECF No. 83.

4

On December 15, 2017, Reddix was sentenced to 72 months in the Bureau of Prisons. *See* J., ECF No. 73. Upon expiration of his incarceration, he will serve a two-year term of supervised release. *Id.*

After the United States filed its motion to amend the preliminary order, but before the sentencing hearing, Reddix and his counsel informed the undersigned Assistant United States Attorney that Reddix did not wish to forfeit the nineteen real and personal properties listed in the Preliminary Order of Forfeiture [ECF No. 64], and instead proposed that Reddix would sell one large piece of real property (500 acres of land in Jackson County, Mississippi) and give the proceeds of the sale to the United States to satisfy the money judgment. Reddix and his counsel provided assurance that the proceeds from the sale would be enough to satisfy the money judgment in full, and promised to execute documents to facilitate the sale. Relying on this oral agreement, the United States voluntarily withdrew its motion to amend the preliminary order, which was pending before the Court. *See* Notice of Withdrawal of United States' Mot. to Amend, ECF No. 81. Despite the United States' attempts to follow up on the agreement, Reddix never complied. On December 18, 2018, the United States filed a lis pendens on the 500-acre real property in Jackson County, Mississippi (recorded at Book 14, Page 894-896), and as far as the United States can determine, the 500-acre property remains unsold. Additionally, no payments have been received on the money judgment.

## II. Reddix Waiver of Forfeiture Notice, Right to Dispute Substitute Assets Request, and All Rights to Property Subject to Forfeiture

Reddix waived notice of any forfeiture action taken by the United States relating to this cause. *See* Plea Supp., at 6, ¶ 10g. In addition to waiving notice in his Plea Supplement, Reddix agreed to waive: all rights to object to any forfeiture sought by the United States, all possessory

5

rights to assets subject to forfeiture, and specifically, all rights to assets deemed substitute assets. *See* Plea Supp., at 5-7, ECF. No. 52.

In the Plea Supplement, Reddix agreed to "fully perform under the forfeiture paragraph [10.] of [the] agreement." Plea Supp., at 1, ECF. No. 52. The forfeiture paragraph requires Reddix to "immediately and voluntarily forfeit to the United States of America all assets and property subject to forfeiture . . . ." *Id.* at 5. In the Plea Supplement, the Money Judgment of $1,266,438.00 [ECF No. 61] is specifically forfeited, without limitation to further forfeiture to satisfy the money judgment. *Id.* at ¶ 2. The nine accounts listed previously in this motion are sought to satisfy the money judgment listed in the Plea Supplement and ordered by this Court.

Reddix also agreed,

> not to oppose . . . any administrative or judicial forfeiture action related to the conduct described in the Indictment filed in this case, and [Reddix] waiv[ed] any right to receive any notices or pleadings filed in any forfeiture action related to the conduct described in the Indictment and [also] that a default or final judgment of forfeiture may be entered against [his] interest without further notice to [him] or [his attorney]. *Id.* at 5-6.

Also included in the Plea Supplement, is Reddix's agreement to forfeiture of substitute assets if "the U.S. Attorney determines" through 21 U.S.C. § 853(p) that it is entitled to "(substitute assets)" up to the value of the money judgment. *Id.* at 6. Reddix further specifically agrees to "waive all rights to any further notice or right to participate in any ancillary proceedings or other proceedings[s] pertaining to this forfeiture." *Id.*

Based on Reddix's agreement to the Plea Supplement, he is not due notification to this, or any, forfeiture action taken to recover assets to satisfy the Money Judgment ordered by this Court. Further, Reddix waived any right to object to a substitute asset forfeiture motion, as well as waiving any right to those assets forfeited. To properly apply substitute assets, United States need only show that the requirements of 21 U.S.C. § 853(p) have been satisfied, and that the value of the

6

substitute assets do not exceed the value of the property of the defendant. *See United States v. Weiss*, 2005 WL 1126663 at *6-8 (M.D. Fla. 2005).

### III. Reinvestigation of Reddix Assets

As a result of Reddix's failure to pay the money judgment ordered, the United States began re-investigating Reddix's assets and discovered a number of the financial accounts, previously known to the United States, had been drawn down, liquidated, or closed.[4] The investigation revealed, however, that Reddix has opened other accounts, which were previously unknown. The accounts listed herein are owned by Reddix, and were still open as of the date the financial institution responded to the United States' requests. Seizure of these financial accounts, in addition to the listed real property asset, may be sufficient to satisfy the money judgment in full.

On August 9, 2018, after investigators for the United States Attorney's Office spoke with Hancock Whitney Bank staff, the United States discovered that Reddix's mother—and likely Reddix himself—had been notified of the United States' renewed financial investigation into Reddix's bank records. *See* USMS Senior Inspector Robert Seals Love's Affidavit in Support of Application for Seizure Warrants, incorporated here by reference. The United States has reason to believe that Reddix would attempt to withdraw the funds from his accounts and otherwise dissipate assets if he were given advanced notice of the United States' motion, thus the urgency of this motion and request for *ex parte* review.

### IV. Post-Conviction Restraint of Substitute Assets

The United States requests the Court restrain the above listed assets until the Court may rule on the United States' forthcoming motion to add substitute assets to the order of forfeiture.

---

[4] For example, the BankPlus account listed in the initial motion to amend is still open, but only contained $626.91, as of July 11, 2018.

Courts have applied 21 U.S.C. § 853(g) to restrain substitute assets until the court can rule on a forthcoming Rule 32.2(e) motion to add substitute assets to the order of forfeiture. *United States v. Brown*, No. 10-CR-0420-WDQ, 2011 WL 1344177, at *1 (D. Md. Feb. 28, 2011). In *Brown*, the court found it had "the authority to restrain funds subject to forfeiture, including substitute assets, pending the Government's filing a motion pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend the Order of Forfeiture to include the funds as substitute assets." *Id.* In addition, the court in *Brown* noted its authority to "issue such a restraining order regardless of the location of the property," pursuant to 21 U.S.C. § 853(l). *Id.*

The restraint statute, 21 U.S.C. § 853(g) states:

> Upon entry of an order of forfeiture under this section, the court shall authorize the Attorney General to seize all property ordered forfeited upon such terms and conditions as the court shall deem proper. Following entry of an order declaring the property forfeited, the court may, **upon application of the United States, enter such appropriate restraining orders** or injunctions, require the execution of satisfactory performance bonds, appoint receivers, conservators, appraisers, accountants, or trustees, or take any other action **to protect the interest of the United States in the property ordered forfeited**. Any income accruing to or derived from property ordered forfeited under this section may be used to offset ordinary and necessary expenses to the property which are required by law, or which are necessary to protect the interests of the United States or third parties. (emphasis added).

In the present case, this Court's Final Order of Forfeiture [ECF No. 83] is the initial order of forfeiture referenced in § 853(g). The Forfeiture order [ECF No. 83] is needed before the Government may apply for the appropriate "restraining order" to protect the interest of the United States in the property ordered forfeited. Since the Order of Forfeiture was granted by this Court, the present restraining order is appropriate. After the Court considers the present restraining order, the United States will file its Rule 32.2(e) motion to add substitute assets to the order of forfeiture.

In a similar post-judgment forfeiture order, the district court in *United States v. Kilbride*, ordered that the defendants "shall not dissipate or move funds from [the subject account] without

8

further order from the court." *Kilbride*, No. CR 05-870-PHX-DGC, 2007 WL 2990116, at *2 (D. Ariz. Oct. 11, 2007). The court noted, that "[i]f the Government [sought] to obtain the remainder of [the funds in the subject account], it must make the substitute assets showing required by 21 U.S.C. § 853(p).

In *Brown* and in *Kilbride*, the scenario before each court was the same as the one before this Court. The defendant has been adjudicated guilty. The Court granted a forfeiture judgment. The Government had reason to believe funds available as substitute assets would be dissipated without a restraining order from the court. Consequently, the *Brown* and *Kilbride* courts ordered those accounts restrained. Those courts then ruled on the Government's Rule 32.2(e) motion to add substitute assets to the order of forfeiture.

Furthermore, courts have also acknowledged that "forfeiture of substitute assets is not discretionary with the trial court." *United States v. George*, No. 1:09CR431 (JCC), 2010 WL 1740814, at *3 (E.D. Va. Apr. 26, 2010). *See* 21 U.S.C. § 853(p)(2)("the court shall order the forfeiture of any other property of the defendant up to the value of the property [that is forfeitable, not locatable]".

The United States is requesting restraint of these financial accounts due to concern that the filing to Amend the Order of Forfeiture may prompt Reddix or any nominees or family members to liquidate the above-listed accounts in an effort to hinder forfeiture. As discussed in the attached Declaration of Senior Inspector Robert Love, a family member of Reddix (and likely Reddix himself) has received notification of the United States' renewed financial investigation into substitute assets available to satisfy this Court's Money Judgment. Based on Reddix's lack of candor in following through with his oral agreement to satisfy the Money Judgment and the drawing down, liquidating, and closing of accounts known to the United States, the United States

reasonably seeks this order restraining the above referenced accounts. The need to restrain and preserve these assets is critical.

For the foregoing reasons, the United States requests that this Court enter an Order immediately restraining these assets in place, as well as prohibiting and enjoining Reddix, his agents, attorneys, family members, and those persons in active concert or participation with them, and those persons, financial institutions, or entities who have any interest or control over the subject financial accounts from attempting or completing any action, that would affect the availability or value of the funds on deposit in those accounts, including but not limited to withdrawing, assigning, pledging, encumbering, wasting, secreting, or otherwise disposing of, or removing any funds from the subject accounts. Until such time as a Preliminary Order of Forfeiture is ruled upon, the United States requests the Court enter a restraining order, to prevent dissipation of the funds in the subject accounts.

The United States further requests that any restraining Order entered remain in full force and effect until further order of this Court.

Dated, this the 30th day of August, 2018.

Respectfully submitted,

D. MICHAEL HURST, JR.
United States Attorney

By: _____
J. WESLEY WEBB (MSB #104495)
*Assistant United States Attorney*
Office of the United States Attorney
SOUTHERN DISTRICT OF MISSISSIPPI
501 East Court Street, Suite 4.430
Telephone: 601.965.4480
Facsimile: 601.965.4032
E-mail: James.Webb2@usdoj.gov