UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                                      CRIMINAL NO. 3:16cr50 DPJ-FKB

CARL REDDIX

**DECLARATION IN SUPPORT OF EX PARTE MOTION
FOR A RESTRAINING ORDER FOR SUBSTITUTE ASSETS**

I, Senior Inspector Robert Seals Love, United States Marshals Service ("USMS"), being duly sworn, hereby depose and state as follows:

I.  **INTRODUCTION**

   A.  **Declarant's Background**

   1.  I am a USMS Senior Inspector, currently as the Asset Forfeiture/Financial Investigator in the Southern District of Mississippi. As the Asset Forfeiture/Financial Investigator, I conduct pre-seizure and money judgment investigations, and assist other agencies working with the United States Attorney's Office with financial investigations.

   2.  I have been employed by the USMS since August 2010, and am a member of the International Association of Financial Crime Investigators. After completing the Federal Criminal Investigator Training program at the Federal Law Enforcement Training Center in Glenco, GA, in 2011, I was assigned to the Eastern District of Arkansas, and then the Northern District of Mississippi. On January 7, 2018, I transferred to the Southern District of Mississippi.

   3.  I have attended training—presented jointly by the Departments of Homeland Security and Justice—regarding financial investigations of fraud and money

1

laundering. I have attended multiple financial investigations training sessions conducted by the USMS Asset Forfeiture Division. This training included how to recognize money laundering and how to locate hidden assets. I have used this training and experience in multiple investigations, which have led to arrests in fraud, drug trafficking, and other charges.

4. This Declaration is based upon my training, experience, public source documents, the prior financial investigation in this case, my financial investigation, and information provided by law enforcement and legal personnel with whom I have worked. The information contained in this Declaration is submitted for the limited purpose of establishing probable cause for the instant motion. As a result, it does not contain every fact known to me concerning this investigation, but rather, the facts necessary to demonstrate the probability that the funds to be seized are subject to forfeiture.

**B.    Assets To Be Seized**

This Declaration is submitted in support of a motion for a restraining order for substitute assets to seize all funds on deposit in the following named financial accounts, pursuant to Defendant Carl Reddix's Plea Supplement [ECF No. 52], 21 U.S.C. § 853(g) and (p), and Rule 32.2(e) of the Federal Rules of Criminal Procedure, as the funds in these accounts constitute property owned by Carl Reddix that can be used to satisfy the $1,266,438.00 Money Judgment of Forfeiture. These accounts are:

1.      All funds held in **MORGAN STANLEY**[1], 4450 Old Canton Road, Suite 100, Jackson, MS 39211, account number 220-109176-058, an account in the name of Carl M. Reddix, MD. This retirement account balance being $73,373.17 on July 31, 2014.

2.      All funds held in **MORGAN STANLEY**, 4450 Old Canton Road, Suite 100, Jackson, MS 39211, account number 220-109182-058-1-0, an account in the name of "Carl M. Reddix MD, Trustee, Carl M Reddix MD MPPP & TR RPM MP." This account balance being $31,949.18 in August 2014.

3.      All funds held in **REGIONS BANK** account number 5002923761, an account in the name of Carl M. Reddix MD. This Regions Wealth Account balance being $5,733.71 on June 29, 2018.

4.      All funds held in **BRIGHTHOUSE FINANCIAL/MET LIFE** account number 8848839, an account in the name of Carl M. Reddix MD. This "vintage," "non-qualified" account balance being $58,046.85 on March 31, 2017.

5.      All funds held in **GREAT-WEST FINANCIAL** Plan No. 98949-01, individual ID number 8262280, an account in the name of Carl M. Reddix. This checking account balance being $540,642.14 on July 13, 2018.

6.      All funds held in **PRUDENTIAL INSURANCE** account 61349221, a contract in the name of Carl M. Reddix. The cash value of this account being $35,890.33 on July 7, 2018.

---

[1] The United States has tried to obtain the current balances on the Morgan Stanley accounts, but has not received a return on its subpoenas, to date. The United States has reason to believe that other known Morgan Stanley accounts have been closed, but these two accounts may remain open.

3

7. All funds held in **PRUDENTIAL INSURANCE** account 61414781, a contract in the name of Carl M. Reddix. The cash value of this account being $208,360.40 on July 22, 2018.

8. All funds held in **PRUDENTIAL INSURANCE** account 77926324, a contract in the name of Carl Reddix. The cash value of this account being $216,120.58 on July 8, 2018.

9. All funds held in **VOYA RETIREMENT INSURANCE AND ANNUITY COMPANY** account VF7288, a retirement account in the name of Carl Reddix. This retirement account balance being $21,138.98 on June 30, 2018.

## II.   FACTUAL BACKGROUND

### A.   Indictment and Conviction

1. On July 13, 2016, a grand jury charged Carl Reddix ("Reddix") with conspiracy to defraud the Mississippi Department of Corrections ("MDOC") and the State of Mississippi for their intangible right to the honest services of Christopher B. Epps, then the MDOC commissioner, through bribes and kickbacks. Specifically, the Indictment [ECF No. 3] charged Reddix with one count of violating 18 U.S.C. §§ 1349 (attempt or conspiracy) and 2 (aiding and abetting), and six counts of violating 18 U.S.C. §§ 666(a)(2) (bribery) and 2 (aiding and abetting).

2. On May 3, 2017, pursuant to a plea agreement [ECF No. 51], Reddix entered a guilty plea as to Count 7. Pursuant to the terms of the Plea Agreement and Plea Supplement, the United States and Reddix agreed for forfeiture in the form of "a money judgment in an amount to be determined by the court." Plea Supp., ECF No. 52. In its Motion for Determination of Money Judgment, the United States

4

suggested that a money judgment in the amount of $1,266,438.00 was appropriate, explaining how it calculated that figure. Mot. for Determination of Money J., ECF No. 55. The Court agreed, entering an order finding that the "proceeds" of Reddix's crimes equaled $1,266,438.00. Order, ECF No. 61. Accordingly, on November 13, 2017, the Court entered a preliminary order of forfeiture ordering Reddix to pay a $1,266,438.00 Money Judgment. Prelim. Order of Forfeiture[2], ECF No. 64.

3. On December 15, 2017, the United States moved to amend the preliminary order, asking that the Court enter an order finding nine financial accounts, two loans payable to Reddix, three vehicles, four pieces of real property, and one 25% interest in Reddix Medical Group to be substitute assets and forfeited to the United States to satisfy the money judgment. Mot. to Amend the Agreed Prelim. Order of Forfeiture, ECF No. 66.

4. On December 15, 2017, Reddix was sentenced to 72 months in the Bureau of Prisons, to be followed by a two-year term of supervised release. *See* J., ECF No. 73.

5. After the United States filed its motion to amend the preliminary order, but before the sentencing hearing, Reddix and his counsel stated that Reddix did not wish to forfeit the nineteen real and personal properties listed above, and instead proposed that Reddix would sell one large piece of real property (500 acres of land in Jackson County, Mississippi) and give the proceeds of the sale to the United States to satisfy

---

[2] Although a preliminary order of forfeiture acts as a final order as to a money judgment, the United States, out of an abundance of caution, filed a motion for a final order of forfeiture, which this Court granted on February 13, 2018. *See* Motion for Final Order of Forfeiture, ECF No. 82; Final Order of Forfeiture, ECF No. 83.

5

the money judgment. Reddix and his counsel assured the United States that the proceeds from the sale of this property would be enough to satisfy the money judgment in full. Relying on this verbal agreement, on February 2, 2018, the United States voluntarily withdrew its motion to amend the preliminary order, which was still pending before the Court. *See* Notice of Withdrawal of United States' Mot. to Amend, ECF No. 81. To the best of my knowledge, the 500-acre property remains unsold; additionally, no payments have been received on the money judgment.

6. After an investigation of Reddix's assets, I have discovered that many of the accounts the United States had been aware of no longer exist, having been closed and/or drained of funds. For example, an account previously known to the United States, maintained by Reddix for Health Assurance, Regions account (#7248), obtained more than thirty million dollars (30,000,000) in funds directly associated with the bribery of Mississippi Department of Corrections officials. Upon deposit, these funds were comingled with funds used to maintain an ongoing business. According to bank statements obtained from Regions Bank, account #7248 was closed on November 16, 2016, well after the Indictment was unsealed on July 20, 2016, preventing the United States from direct forfeiture of these proceeds. Furthermore, despite Reddix's agreement in the terms of his plea agreement not to transfer or liquidate any assets he held or owned, as of the date the plea agreement was signed May 3, 2017, another account, Regions #7239, held in the name of Medical Assurance of America LLC, and owned by Reddix and Dr. Michael A. Reddix, was closed on September 19, 2017. *See* Plea Agreement, ECF No. 51.

7. The renewed financial investigation revealed, however, that the accounts sought through this motion and listed above still had funds on deposit, in the amounts indicated, as of the dates indicated. Seizure of these financial accounts—in combination with the forfeiture and sale of the 500-acre real property—may be sufficient to satisfy the money judgment in full.

8. On August 9, 2018, I spoke with staff members at Hancock Whitney Bank, who informed me that Dorothy Reddix, Reddix's mother, had recently visited her bank with a letter she had received (from a sender unknown to me) which informed her that the government had subpoenaed certain bank records in which she had a financial interest. Given past events, I am concerned that Reddix may attempt to withdraw the funds from his accounts and otherwise dissipate assets, hence the necessity of this motion, as well as the need for its ex parte consideration.

**B. Statutes for Seizure and Substitute Assets**

1. The facts necessary to seize and forfeit these funds has been established by the previous paragraphs of this Declaration. The applicable necessary statutes follow.

2. This motion requests the issuance of an order under 21 U.S.C. § 853(g) authorizing the restraint and seizure of the named accounts.

3. The Government's right to forfeited property arises under 18 U.S.C. § 982(a)(1). The forfeiture of property under 982(a)(1) is governed by the procedures set forth in 21 U.S.C. § 853. *See* 18 U.S.C. § 982(b)(1). Subsection (p) of 18 U.S.C. § 853 allows the Government to substitute other property of the defendant if the property subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

7

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty.

4. The United States is entitled to relief under 18 U.S.C. § 853(p) because it has conducted, and continues to conduct an extensive investigation of Reddix's current and past assets in order to satisfy the money judgment entered against him, and to date, the United States has not been able to locate direct proceeds to adequately satisfy this judgment, as they were immediately comingled, by nature of the fraud perpetrated. Furthermore, Reddix has failed to fulfill his promise to the United States to sell his property himself in order to satisfy the money judgment.

5. As of the dates indicated above, the Reddix's interest in the account balances listed total $1,191,255.34, which, in combination with the sale of the 500-acre real property, the United States believes would be sufficient to satisfy the money judgment. There is substantial evidence that these assets are owned and/or controlled by defendant Reddix.

6. For the above reasons, I request, pursuant to 21 U.S.C. § 853(g), that an order be issued authorizing the restraint and seizure of the named accounts.

### III. CONCLUSION

In conclusion, through my training and experience as an Asset Forfeiture/Financial Investigator, I believe there is probable cause that the accounts sought to be seized constitute substitute assets owned and/or controlled by Carl Reddix, making them subject to restraint and

8

seizure pursuant to 21 U.S.C. § 853(g) by 18 U.S.C. § 982(b)(1), and forfeiture, pursuant to 21 U.S.C. § 853(p) and 18 U.S.C. § 982(a)(1).

Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury, that the facts stated above are true and correct to the best of my knowledge and belief.

This the 30th day of August, 2018.

*[signature]*
Robert Seals Love, Senior Inspector
United States Marshals Service